db

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT
(Wayne County Circuit Court)

GREAT WEST CASUALTY COMPANY,
Plaintiff,

v.                                                                              Case No: 15-          -CK

PROGRESSIVE CASUALTY INSURANCE
CO., GEORGE ARNAOUT, RONALD
GLENN BARKLEY, PAMELA DENISE BARKLEY,
BARKLEY TRUCKING, EXP, L.L.C., and
XPO EXPRESS, INC.,

15-009936-CK
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/29/2015 8:08:38 AM
CATHY M. GARRETT

          Defendants.
_____/

Stephen M. Kelley (P33197)
Stephen M. Kelley, P.C.
19501 East Eight Mile Road
St. Clair Shores, MI 48080
(586) 563-3500
Counsel for plaintiff Great West
   Casualty Company
_____/

# COMPLAINT

**A civil action among four of the defendants arising out of the same transaction or occurrence alleged in this Complaint is pending in this Court, docket number 13-011271-NI assigned to the Honorable Sheila Ann Gibson.  That action remains pending.  MCR 2.113(C)(2).  Accordingly, this action should be assigned to Judge Gibson.  MCR 8.111(D).**
_____

Plaintiff Great West Casualty Company by counsel states its Complaint against

defendants as follows:

**The Parties**

1.   Plaintiff Great West Casualty Company ("GW")  is a Nebraska corporation

with a business address of P.O. Box 277, South Sioux City, Nebraska 68776-0277.  GW

1

EXHIBIT A

issued motor carrier liability insurance policy number GWP76297C to Express-1, Inc. for the stated policy period of March 1, 2012-March 1, 2013 ("the GW policy").[1]

2. Defendant Progressive Casualty Insurance Co. ("Progressive") upon information and belief is an Ohio corporation with a business address of P.O. Box 89490, Cleveland, Ohio 44101-6490.  Progressive upon information and belief issued insurance policy number 08220118-1 to Barkley Trucking for the stated policy period of August 29, 2012-13, including a $1 million combined single limit for non-trucking liability insurance and other insurance ("the Progressive policy").  Upon information and belief Progressive's non-trucking use ("NTU") policy with Barkley Trucking was in effect at the time of the accident described below.

3. Defendant George Arnaout ("Arnaout") upon information and belief is a resident of Trenton, Wayne County, Michigan.  Arnaout is the plaintiff in the underlying Wayne County Circuit Court litigation captioned *Arnaout v. Ronald Glenn Barkley and Express 1 Transportation, L.L.C.,* Case No. 13-011271-NI, filed August 28, 2013 and pending before the Honorable Sheila Ann Gibson ("the underlying case").

4. Defendant Ronald Glenn Barkley ("Ronald") upon information and belief was the driver of 2009 Freightliner truck tractor VIN 1FUJCRCK09DAC3272, State of Michigan Vehicle Registration No. RA78278 ("the Tractor") on January 24, 2013, on Allen Road in Woodhaven, Wayne County, Michigan, when the Tractor allegedly hit Arnaout's vehicle causing injury to Arnaout ("the accident").  Upon information and belief, as of March 3, 2015 Ronald was living in Berryville, Arkansas.

---

[1] The GW policy is too voluminous for practical attachment; copies of relevant portions will be made available upon request by any party or their respective counsel.

5. Defendant Pamela Denise Barkley ("Pamela") upon information and belief was the wife of Ronald at the time of accident and was the title owner of the Tractor at the time of the accident. Upon information and belief, as of March 3, 2015 Pamela was living in Berryville, Arkansas.

6. Defendant Barkley Trucking ("Barkley Trucking") upon information and belief is or was a partnership between defendants Ronald and Pamela, used or uses a business address of 5708 N. Vintage Drive, Ozark, Missouri 65721, and as of January 24, 2013 was the employer of both Ronald and Pamela.

7. Defendant EXP, L.L.C., upon information and belief according to records on file with the State of Michigan is a Michigan corporation incorporated in Michigan in 1994 under the name "Express 1 Transportation, L.L.C."; has been assigned Michigan limited liability corporation identification number LC2002; changed its name through Restated Articles of Incorporation in February 2005 to "EXP, L.L.C."; and uses a business address of 429 Post Road, Buchanan, Michigan 49107 ("EXP").

8. Defendant XPO Express, Inc., upon information and belief according to records on file with the State of Michigan is a Michigan corporation incorporated in Michigan in 1989 under the name "Express 1, Inc."; has been assigned Michigan corporate identification number 380075; formally changed its name to "Express-1, Inc." in 2012; further formally changed its name to "XPO Express, Inc." in 2014; and uses a business address of 2285 South Michigan Road, Eaton Rapids, Michigan 48827 ("XPO").

**Jurisdiction and Venue**

9. This Court has subject matter jurisdiction pursuant to MCR 2.605, the court rule for declaratory judgments, and the amount in controversy is in excess of $25,000.

10. Upon information and belief all defendants were residents of or transacted business in the State of Michigan as of January 24, 2013.

11. This Court already has jurisdiction over four of these parties in the underlying case, including Progressive, Arnaout, Ronald, and EXP, in *Arnaout v. Ronald Glenn Barkley and Express 1 Transportation, L.L.C.,* Case No. 13-011271-NI, filed in this Court on or about August 28, 2013 and pending before the Honorable Sheila Ann Gibson.

12. Both the underlying case and this case arise out of a motor vehicle accident on January 24, 2013 in Wayne County, Michigan.

**Further Allegations**

13. The Complaint in the underlying case named "Express 1 Transportation, L.L.C.", the former name of EXP, as a defendant.

14. Upon information and belief on March 5, 2012 Barkley Trucking entered into a Subcontractor Agreement with Express-1, Inc.

15. Ronald and Pamela each admitted in their depositions in the underlying action that at the time of January 24, 2013 accident, neither they nor Barkley Trucking were under dispatch from Express 1 Transportation, L.L.C.

16. Ronald testified in the underlying action that at the time of the January 24, 2013 accident no trailer was attached to the tractor and he was not hauling anything;

the unattached empty trailer was parked in a Walmart parking lot while he ran personal errands in the tractor; Express 1 had not called to dispatch them on another run (December 8, 2014 Deposition of Ronald Barkley, p. 11, lines 13-19; p. 100, line 24-p. 101, line 13).  Ronald further testified that Barkley Trucking had two forms of insurance, one for when it was under dispatch and one when it was not (*Id.* at p. 18, lines 7-13; p. 30, lines 18-21).  Ronald further testified that they were not paid by Express 1 if they did not have any dispatch loads (*Id.* at p. 102, line 24-p. 103, line 5).

17.     Pamela testified in the underlying action that she understood that the Progressive policy was to provide liability insurance coverage for times when Barkley Trucking was not under dispatch, that Express-1's insurance carrier would pay for times while Barkley Trucking was under dispatch, and that Barkley Trucking was not under dispatch at the time of the accident (March 3, 2015 Deposition of Pamela Barkley, respectively p. 33, lines 13-18; p. 80, lines 15-19).

18.     Following the accident and Progressive's refusal to provide a defense to Ronald, GW defended Ronald under GW claim number J19438-L-391.

19.     On June 3, 2015 this Court in the underlying case determined Ronald was not under dispatch or furthering the business of Express 1 Transportation, L.L.C. at the time of the accident, dismissed Arnaout's claims against Express 1 Transportation, L.L.C. with prejudice, and ordered Progressive to defend and indemnify Ronald.

20.     The Court's June 3, 2015 Order in the underlying case further ordered Progressive to pay "all actual costs and attorney fees incurred by Great West Casualty Company in connection with the defense of Ronald Barkley and Express 1 Transportation, L.L.C."

21. On July 9, 2015, GW by letter formally tendered the defense of Ronald to Progressive, and Progressive assumed the defense of Ronald upon information and belief effective on or about July 24, 2015.

22. GW's July 9, 2015 tender letter to Progressive also reserved GW's right to seek reimbursement from Progressive of all attorneys' fees and costs expended to defend the underlying case.

## COUNT I:  DECLARATORY JUDGMENT

23. Upon information and belief there is an actual controversy between at least GW and Progressive with respect to the obligations of Progressive and GW to defend and indemnify EXP and Ronald in the underlying case.

24. Accordingly, pursuant to MCR 2.605, GW asks this Court to declare GW's rights and other legal obligations to the parties arising out of and related to the accident and the underlying case, and in particular to declare that Ronald, Pamela, and Barkley Trucking were not insureds under the GW policy and that GW had and has no duty to defend or to indemnify Ronald, Pamela, Barkley Trucking, or Express 1 Transportation, L.L.C./ EXP in connection with or arising out of any accident involving George Arnaout.

25. Accordingly, GW seeks this Court's Declaratory Judgment consistent with the Court's June 3, 2015 Order in the underlying action that:

   a. Under the facts of the underlying case, including as established in the underlying case, EXP had and has no liability to Arnaout;

   b. Under the facts of the underlying case, GW had and has no duty to defend or indemnify EXP or Ronald in the underlying case or to defend, indemnify, pay, or reimburse any party in this case with respect to any claim in or arising out of the January 24, 2013 accident; and

    c. Progressive must pay GW for all of GW's actual costs and attorney fees incurred in connection with the defense of Ronald Barkley and Express 1 Transportation, L.L.C. in the underlying case.

26.    Further, the extent not resolved by early dispositive motion, GW respectfully asks the Court to order a speedy hearing of this action and advance it on the Court's calendar.  MCR 2.605(D).

**Relief Requested**

WHEREFORE, plaintiff Great West Casualty Company by counsel respectfully asks the Court to enter its Declaratory Judgment consistent with the Court's June 3, 2015 Order in the underlying action that:

    a. Under the facts of the underlying case, including as established in the underlying case, EXP had and has no liability to Arnaout;

    b. Under the facts of the underlying case, GW had and has no duty to defend or indemnify EXP or Ronald in the underlying case or to defend, indemnify, pay, or reimburse any party in this case with respect to any claim in or arising out of the January 24, 2013 accident; and

    c. Progressive must pay GW for all of GW's actual costs and attorney fees incurred in connection with the defense of Ronald Barkley and Express 1 Transportation, L.L.C. in connection with the underlying case.

Respectfully submitted,

Stephen M. Kelley, P.C.

Dated: June 28, 2015        By:  /s/ Stephen M. Kelley
        Stephen M. Kelley (P33197)
        19501 East Eight Mile Road
        St. Clair Shores, MI 48080
        (586) 563-3500
        Counsel for plaintiff Great West Casualty Company